United States District Court
Southern District of Texas
**ENTERED**
February 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIQUE DONTAE LASKER, #025113, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-19-4631 |
| R GLENN SMITH, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Dominique Dontae Lasker is presently confined in the Waller County Jail ("Jail"). Plaintiff filed this civil rights action under 42 U.S.C. § 1983, alleging that Waller County Sheriff, R. Glenn Smith ("Smith"), has interfered with his right to access the courts because there is no law library at the Jail. (Doc. No. 1). At the Court's request, Plaintiff has also filed a More Definite Statement. (Doc. No. 10). The Court has conducted the screening required under 28 U.S.C. § 1915A and concludes that this case must be dismissed for the reasons that follow.

## I. BACKGROUND

In this access to courts case, Plaintiff alleges that he was not able to pursue a timely claim against federal officials in California because he did not have access to a law library from May 2013 until October 2017 while he awaited trial at the Waller County Jail. Regarding his underlying claim against the federal officials, Plaintiff alleges that on September 27, 2012, while he was incarcerated at the Federal Correctional Complex in Victorville, California serving sentences for bank robbery and related federal crimes, he asserted his rights under article III of

the Interstate Agreement on Detainers Act ("IADA"),[1] to request the final disposition of all indictments, informations, and complaints against him.[2] The federal prison officials allegedly did not handle his article III request correctly and made mistakes on his paperwork.[3] Plaintiff claims that the federal officials instead proceeded under article IV of the IADA for his transfer back to Texas to face capital murder charges.[4] Plaintiff alleges that he had a valid claim against the federal officials in California for violating his constitutional rights and rights under the IADA because they mishandled his IADA matter.[5]

On or around May 23, 2013, Plaintiff was transferred from federal custody to Waller County Jail pursuant to the Texas detainer for the capital murder charges.[6] Plaintiff was confined in the Jail until October 2, 2017, when he entered pleas of guilty on two homicide charges, reserving the right to appeal the denial of a motion to dismiss for violations of the IADA. *See Lasker v. State*, 577 S.W.3d 583, 588 (Tex. App.—Houston [1st Dist.], May 7, 2019, pet. ref'd Oct. 30, 2019) (reversing and remanding to the trial court with instructions to grant Plaintiff's motion to dismiss the murder charges). He was subsequently driven back to California to federal prison finish his sentences for his federal offenses.[7]

---

[1] 18 U.S.C. App. 2, §2; Tex. Code Crim. Proc. Ann. art. 51.14. The IADA is an interstate compact into which most of the 50 states (including Texas), the District of Columbia, and the Federal Government have entered. *See Alabama v. Bozeman*, 533 U.S. 146, 148 (2001); *see also Lasker v. State*, 577 S.W.3d 583, 588 (Tex. App.—Houston [1st Dist.], May 7, 2019, pet. ref'd). Under article III of the IADA, a prisoner against whom a detainer has been lodged has the right to request a final disposition of the relevant charges, such that he must be brought to trial within 180 days of when such request is received by the state lodging the detainer (unless extended by the trial court for good cause); otherwise, the charges must be dismissed. *Alabama*, 533 U.S. at 150. Under article IV of the IADA, the jurisdiction where the untried indictment, complaint, or information is pending has the right to have the prisoner against whom the detainer is lodged be made available for trial, and such trial must occur (unless extended for good cause) within 120 days. *Id.*
[2] Doc. No. 10, More Definite Statement ("MDS"), at 3.
[3] Doc. No. 1-2 at 4.
[4] MDS at 4.
[5] *Id.*
[6] *Id.*
[7] MDS at 6.

Plaintiff alleges that he found out that there was no law library at the Jail shortly after he arrived there in May 2013.[8] Plaintiff alleges that because there was no law library at the Jail, he was not able to file his claims against the federal officials until he got back to the federal prison system in October 2017.[9] Plaintiff does not allege that he filed any tort or civil rights claim in October 2017 once he returned to federal prison, but states that he filed a civil rights suit in the United States District Court for the Central District of California asserting claims against federal officials for violations of the IADA, due process, equal protection, and speedy trial, in February 2019. *See Lasker v. FBOP et al.*, Civ. A. No. 5:19-cv-00286-CJC-RAO (C.D. Cal. Feb. 28, 2019). The federal district court in California summarily dismissed the case on February 28, 2019 as frivolous, finding, among other things, that the IADA "provides no remedy against the prison of incarceration for failure to follow the IADA procedures" and does not provide a private cause of action against the federal officials Plaintiff sued in that case. *Id.* at *4. It also found that Plaintiff's claims are barred by the statute of limitations. *Id.* at *5.

In April 2019, Plaintiff filed a Federal Tort Claims Act ("FTCA") claim with the Bureau of Prisons, asserting that the federal officials' mishandling of his IADA matter was a violation of the FTCA.[10] This claim was summarily dismissed at the administrative level as barred by the statute of limitations.[11]

In May 2019, Plaintiff's murder convictions were overturned on direct appeal. *See Lasker*, 577 S.W.3d at 595. The Texas intermediate appellate court reversed Plaintiff's

---

[8] *Id.* at 4.
[9] *Id.* at 6.
[10] *See* Doc. No. 10 at 7. The letter decision from the Bureau of Prisons that Plaintiff attaches to his complaint does not specify the nature of the "personal injury" that Plaintiff is asserting under the FTCA. *See* Doc. No. 1-2 ("Exhibit B"). However, Plaintiff indicates in his More Definite Statement that the basis for his claims arises out of IADA violations and related due process violations that allegedly occurred on or around September 27, 2012 when he invoked his rights under the IADA. *See* Doc. No. 10 at 3.
[11] Doc. No. 1-2.

convictions and remanded his case for dismissal of the charges against him because the State failed to try Plaintiff within 180 days of his valid request under article III of the IADA. *Id.* The Texas Court of Criminal Appeals refused the State's petition for discretionary review on October 30, 2019. *Lasker v. State*, 586 S.W.3d 408 (Tex. Crim. App. 2019).

On November 20, 2019, Plaintiff brought the instant suit, alleging that Smith interfered with his access to the courts by not providing a law library at the Waller County Jail. He contends that because there was no law library at the Jail, he was not able to research and file his cases in California against the federal officials who allegedly mishandled his IADA matter in September 2012. In Plaintiff's More Definite Statement, he also contends that possible future claims regarding his pending criminal charges could also be impeded by the lack of a law library.[12]

## II. LEGAL STANDARDS

### A. Prison Litigation Reform Act

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

[12] MDS at 9.

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se*. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B. Access to Courts**

Prisoners have a constitutionally protected right of access to the courts. S*ee Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith,* 430 U.S. 817, 821, 828 (1977)). However, a prisoner's right of access to courts is not unlimited. *See Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.), *cert. denied,* 522 U.S. 995 (1997)). The right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones,* 188 F.3d at 325 (citations omitted). In that regard, an inmate alleging denial of the right of access to courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citing *Casey*, 518 U.S. at 351); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). In particular, an inmate must "demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded." *Lewis*, 518 U.S. at 353 & n. 3. Thus, the right of access to courts is "ancillary to the

underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002).

## III. DISCUSSION

Plaintiff claims that Smith violated his right to access the courts because he does not provide a law library at the Jail, which prevented Plaintiff from researching claims against federal officials in California for mishandling his IADA article III request. The Court takes judicial notice that the Texas courts determined that Plaintiff's second article III request was valid and that he was entitled to the remedy that the IADA provides: dismissal of the criminal charges that were the basis of the detainers for Plaintiff's article III IADA request. *See Lasker*, 577 S.W.3d at 593-95. Therefore, even if the federal officials made errors on his IADA paperwork as Plaintiff alleges, such errors were harmless because the Texas state court held that Plaintiff's second article III IADA request was proper, found that the State failed to bring Plaintiff to trial before the 180-day period expired, and reversed and remanded the judgment with instructions to dismiss the indictments with prejudice. *Id.*

Although Plaintiff contends that the lack of a law library prevented him from timely filing his claims against the federal officials in California, Plaintiff fails to show that he had nonfrivolous claims to assert against them, as found by the California federal district court. In addition, Plaintiff cannot show that he has standing to sue the federal officials in connection with his IADA request. Standing requires an injury-in-fact, a causal connection between the injury and the conduct of the defendant, and redressability of the injury by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As shown above, Plaintiff has received the remedy that IADA provides, that is, dismissal of the Texas murder charges against him. Therefore, he cannot show that the federal officials' alleged paperwork mistakes caused him an

injury-in-fact that is redressable by a court judgment. In other words, even if his cases in California were not otherwise found to be frivolous and time-barred, Plaintiff cannot establish standing to sue those defendants because their actions did not ultimately harm his ability to obtain a dismissal of the murder charges against him in Texas. Therefore, Plaintiff does not allege facts to show that the lack of a law library prevented him from filing a nonfrivolous case regarding his confinement. *See Brewster*, 587 F.3d at 769 (holding that an access-to-courts plaintiff must show "a relevant, actual injury stemming from the defendant's unconstitutional conduct").

In addition, to the extent that Plaintiff states in his More Definite Statement that the lack of a law library could also hinder his ability to file claims related to his most recent criminal charges for possessing contraband or to represent himself on that charge, he does not state a viable access to courts claim. Plaintiff's proposed future claims regarding the propriety of his pending charges call into question the validity of those charges and would impugn any ensuing criminal conviction. Therefore, such claims would be barred unless and until Plaintiff shows that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Likewise, Plaintiff's contention that his Sixth Amendment right to self-representation is hindered by the lack of a law library fails as a matter of law where, as here, he is currently represented by counsel for his criminal matter and, if he later decides to waive that representation, he has "no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (collecting cases). Accordingly, his access to courts claim must be dismissed.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. 1915A for failure to state a claim for which relief may be granted.

2. All pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 14th day of February 2020.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE